```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**NICHOLAS MONTGOMERY JACOBS,**

        **Plaintiff,**

    **v.**                        **CASE NO.  07-3286-SAC**

**NORTON CORRECTIONAL**
**FACILITY, et al.,**

        **Defendants.**

### O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Johnson County Adult Detention Center, Olathe, Kansas (JCADC).  The named defendants are the Norton Correctional Facility (NCF) and the Kansas Department of Corrections (KDOC).

As the factual basis for his complaint, Mr. Jacobs alleges that from about May 2004, to May 2006, while he was an inmate at NCF approximately 8 legal envelopes from his "child custody lawyer" to him[1] were opened outside his presence and delivered taped shut. Plaintiff claims this violated his constitutional rights under the First and Fourteenth Amendments as well as equal protection.  He seeks money damages and costs, and asserts he does not want to see this abuse continue to him if he is placed back in KDOC or to other inmates.

### MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff has filed a motion for leave to proceed in forma

---

[1] Plaintiff alleges that he was provided an attorney while "going through a child custody, child in need of care" case, and "the courts in Johnson County" were trying to terminate his parental rights to his daughter.

pauperis (Doc. 2), and has attached an inmate account summary in support as statutorily mandated.  Section 1915(b)(1) of 28 U.S.C., requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.  Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account was $46.33 and the average monthly balance was much less.  The court therefore assesses an initial partial filing fee of $9.00, twenty percent of the average monthly deposit, rounded to the lower half dollar[2].  Plaintiff will be given time to pay this initial partial fee.  This action may be dismissed without further notice if he fails to submit the fee.

**SCREENING**

Because Mr. Jacobs is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for several reasons.

To "state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the

---

[2] Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action.  Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). Neither defendant Norton Correctional Facility nor Kansas Department of Corrections is a "person" subject to suit for money damages under Section 1983. Plaintiff has not named the person or persons as defendants who were actually involved in the claimed unconstitutional acts.

The statute of limitations period for bringing claims under 42 U.S.C. § 1983 is two years. Plaintiff's allegations and his exhibits indicate that all but one of the letter opening incidents occurred more than two years prior to the filing of this complaint. His claims based on events that occurred prior to November 21, 2005, are subject to being dismissed as time-barred. Plaintiff will be given time to provide the dates on which the letter openings occurred and show cause why his claims based on those occurring prior to November, 2005, should not be dismissed.

Plaintiff fails to state sufficient facts in support of a claim of federal constitutional violation. The mere inadvertent opening of inmate mail is not prohibited and is not enough to establish a First Amendment violation. See Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990)(The opening of one piece of constitutional protected legal mail by accident without any evidence of improper motive or resulting interference with Smith's right to counsel or access to the courts, does not give rise to a constitutional violation.); Wolff v. McDonnell, 418 U.S. 539, 576 (1974)(Inmates have a First Amendment right both to send and receive mail, but that right does not preclude prison officials from examining mail for security

3

purposes.).    Instead, plaintiff must also allege that his communication with counsel or the courts was interfered with as a result of the handling of his mail.  The court reiterates that only one of the mail incidents of which plaintiff complains may still be a viable basis for his suit.  A pro se complaint must be given a liberal construction.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Moreover, even if the court accepts as true that 6 to 8 envelopes from his attorney in child custody proceedings were opened over a two to three year period, it would not find a federal constitutional violation under the facts presented.  Plaintiff's exhibits indicate the envelopes in question were brightly colored, non-business envelopes on which the address and designation as "legal mail" were hand-written and the sender was not identified in the return address as an attorney or court employee.  At the time, a large amount of inmate mail was being processed in NCF's mail room; and plaintiff was advised the openings were inadvertent as well as that minor changes by the sender could make the legal nature of the mail more evident.  Plaintiff shall be given time to show cause why this action should not be dismissed for failure to state facts that support a claim of federal constitutional violation.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 9.00. Any objection to this order must be filed on or before

the date payment is due.  The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty (30) days plaintiff must show cause why this action should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated this 6th day of December, 2007, at Topeka, Kansas.

s/Sam A. Crow<br>U. S. Senior District Judge