IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS MONTGOMERY
JACOBS,

                Plaintiff,

        v.                             CASE NO. 07-3286-SAC

NORTON CORRECTIONAL
FACILITY, et al.,

                Defendants.

**O R D E R**

This civil rights action, 42 U.S.C. § 1983, was dismissed on February 6, 2008. The matter is presently before the court upon plaintiff's Motion to Reopen (Doc. 8).

The facts leading to the dismissal of this action include that on December 6, 2007, this court entered an Order granting plaintiff thirty days in which to submit an assessed initial partial filing fee and to show cause why this action should not be dismissed for reasons stated in that Order. A copy of the Order was mailed to plaintiff at his place of confinement, but was returned to the court marked "Return to Sender/Not at this Address". Plaintiff telephoned the court with a new address, and the Order was re-mailed to that address on December 13, 2007. However, no partial filing fee was ever paid or objected to, and plaintiff never filed a response to the court's Order of December 6, 2007. In addition, Mr. Jacobs also failed to file a Notice of change of address, even though he was advised to do so during his

telephone conversation with the clerk of the court. The court dismissed this action for failure to pay the initial partial filing fee, and for failure to file a timely response to the court's Order to show cause.

In his Motion to Reopen, plaintiff alleges that after he was released from Norton Correctional Facility (NCF), he moved in with family at the address in Desoto, Kansas, given to the court by telephone, but that shortly thereafter he became homeless, and then moved in with a friend. He further alleges that he "heard nothing after that from the courts" though he checked with his mother from time to time, and checked a post office box he shared with his family. Plaintiff mentions an arrest in 2006, but there is no reason that arrest, which was before this case was even filed, should have prevented his responding to the December 2007 order in this case. He also alleges that he was arrested in July 2008 in Douglas County, Kansas; served 10 months in prison on a felony charge; was released on the Douglas County charges in May 2009; and "then this time arrested August 2009". He states that after his last arrest, he "thought what ever happened to my case" in federal court, called the clerk, and was informed it had been dismissed.

The court finds that no valid ground for reopening this case has been alleged. A party must seek reconsideration of a dispositive order pursuant to Fed.R.Civ.P. 59(e) or Fed.R.Civ.P. 60. D. Kan. Rule 7.3(a). The Tenth Circuit Court of Appeals discussed "self-styled" motions to reconsider as follows:

> Generally, a "motion for reconsideration, not

2

>recognized by the Federal Rules of Civil Procedure, <u>Clough v. Rush</u>, 959 F.2d 182, 186 n. 4 (10th Cir. 1992), may be construed in one of two ways: if filed within 10 days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than 10 days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)." <u>Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.</u>, 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002).

<u>Price v. Philpot</u>, 420 F.3d 1158, 1167 FN 9 (10th Cir. 2005)[1].

Petitioner's Motion for Reconsideration was filed over a year and nine months after entry of judgment in this matter. Thus, his "only plausible" basis for relief is Rule 60(b). <u>Weitz v. Lovelace Health System Inc.</u>, 214 F.3d 1175, 1178 (10th Cir. 2000). "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." <u>Van Skiver v. U.S.</u>, 952 F.2d 1241, 1243-44 (10th Cir. 1991)(citing <u>Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.</u>, 909 F.2d 1437, 1440 (10th Cir. 1990); <u>Allender v. Rayatheon Aircraft Co.</u>, 439 F.3d 1236, 1242 (10th Cir. 2006)(quoting <u>Cashner v. Freedom Stores, Inc.</u>, 98 F.3d 572, 576 (10th Cir. 1996)(quoting <u>Bud Brooks Trucking</u>, 909 F.2d at 1440)); <u>Amoco Oil Co. v. United States Environmental Protection Agency</u>, 231 F.3d 694, 697 (10th Cir. 2000)). A Rule 60(b) motion is not a vehicle to reargue the merits of the underlying judgment or to advance new arguments which could have been presented in the

---

[1] The distinction is significant because a Rule 59(e) motion tolls the thirty-day period for appeal while a Rule 60(b) motion does not. Thus, an appeal from the denial of a motion to reconsider construed as a Rule 59(e) motion permits consideration of the merits of the underlying judgment, while an appeal from the denial of a Rule 60(b) motion does not itself preserve for appellate review the underlying judgment.

3

plaintiff's original filings.  Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Cashner, 98 F.3d at 576-77.  The party seeking relief from a judgment bears the burden of demonstrating he satisfies the prerequisites for such relief.  Van Skiver, 952 F.2d at 1243-44.  "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment[2]."  Id. at 1244; Cashner, 98 F.3d at 576-77.  However, Rule 60(c)(1) provides that a "motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Id.

Upon careful review of Mr. Jacob's post-judgment motion, the court finds his motion is not timely if brought under Rule 60(b)(1) through (3).  Nor does he allege any facts suggesting that the judgment in this action is void or no longer equitable.  Rule 60(b)(4),(5).  Furthermore, his allegations do not "involve the type of rare, unanticipated circumstances contemplated by Rule 60(b)(6) such that enforcement of the court's prior order would be inequitable."  Welch v. Centex Home Equity Co., L.L.C., 224 F.R.D.

---

[2] Rule 60(b) provides in pertinent part that the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Id.

490, 496-97 (D.Kan. 2004). Accordingly, the court concludes that plaintiff is entitled to no relief under Rule 60(b).

The reasons for dismissal of Mr. Jacob's complaint were explained in this court's Order of Dismissal (Doc. 5) and its Order providing him with the opportunity to show cause why it should not be dismissed (Doc. 3). Plaintiff states in his motion that his claims arose between 2003 and 2006. However, he has made no effort to show cause why these claims are not barred by the applicable two-year statute of limitations or to cure other deficiencies. The dismissal of this case "'without prejudice' meant only a preservation of the status quo as if no filing had occurred"; it did not toll the limitations period. Worrell v. Bruce, 296 Fed.Appx. 665, **1, FN2 (10th Cir. 2008)(cited for reasoning). Plaintiff's lack of contact with the court together with his failure to file written notices of changes of address and to keep himself apprised as to the status of his case indicate a lack of diligence on his part in pursuing this action rather than grounds for relief from judgment. The court concludes that Mr. Jacobs has failed to demonstrate the existence of any extraordinary circumstances that would justify the reopening this case.

Unless and until this case is reopened, no motion other than a motion for relief from judgment is appropriate. The court thus finds that plaintiff's pending motions must be denied.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Reopen this action is treated as a Motion under Fed.R.Civ.P. Rule 60(b), and is denied.

5

**IT IS FURTHER ORDERED** that plaintiff's pending motions (Docs. 9 & 12) were inappropriately filed in this case which has not been reopened, and are denied.

**IT IS SO ORDERED.**

Dated this 12th day of April, 2010, at Topeka, Kansas.

                                              s/Sam A. Crow
                                              U. S. Senior District Judge